# JOHN L. MADDEN v. DULUTH & IRON RANGE RAILROAD COMPANY and Another.[1]

October 28, 1910.

Nos. 16,719—(62).

**Negligence — evidence.**

> The evidence was sufficient to sustain the jury in finding that appellant was guilty of negligence in backing the engine and tender, on which respondent was a fireman, at a rapid and dangerous rate of speed around a curve on an uneven track, and that respondent was not guilty of contributory negligence in attempting to fire the engine at the time.

**Reading evidence of experts at former trial.**

> Expert witnesses are within the rule that the testimony of a witness at a former trial may be read at a subsequent trial, when it appears to the satisfaction of the trial court that the witness is a nonresident of this state.

Action in the district court for St. Louis county against Duluth & Iron Range Railroad Company and Paul Tingertahl to recover $35,000 for personal injuries. The complaint alleged the locomotive mentioned in the opinion was equipped with an upright weatherboard; that when the engine was run backward, with nothing coupled to the tank or tender, at more than the usual rate of speed, which was fifteen or twenty miles an hour, the tank would sway, lurch and plunge from side to side in an extremely dangerous manner, by reason of which and of the moving of the iron sheet or apron over the gangway, plaintiff was likely to be thrown against the weatherboard and severely injured, all of which was well-known to defendants; that plaintiff was injured solely because the engine was run at thirty-five to forty miles an hour over a depression or low place in the track, while he was shoveling coal, by being forced with great violence against the weatherboard. The defendants an-

[1] Reported in 127 N. W. 1052.

swered separately and denied plaintiff was injured through any negligence on their part.

The case was tried before Ensign, J., and a jury which rendered a verdict in favor of plaintiff for $10,000, and found "that the negligence that resulted in plaintiff's injury was the negligence of defendant Paul Tingertahl." From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Baldwin, Baldwin & Dancer* and *Andrew Nelson,* for appellants.
*Samuel A. Anderson* and *Warner E. Whipple,* for respondent.

LEWIS, J.

Respondent was a fireman on a locomotive engine in use by appellant railroad in hauling a gravel train from a certain gravel pit to the dump, some twelve miles distant. In returning from the dump, the engine, attached to a string of empty cars, was running backward, and while engaged in firing the engine respondent claims that he was violently thrown by the lurching of the tender and engine, which resulted in breaking his hip bone. It is charged in the complaint that the engineer was guilty of negligence in running the train at too great a rate of speed, and that there were certain defects in the track which caused the locomotive and tender to lurch as they passed over it. The main defense was contributory negligence in attempting to fire the engine under the circumstances.

A piece of sheet iron attached to the engine projected over the gangway between the engine and the tender to enable the fireman to pass from the engine into the tender to get coal, and the unevenness in the track, and the speed, caused this plate to jump up and down, by reason of which respondent lost his balance.

We have examined the record, and find sufficient evidence to sustain the allegation of negligence. The engine was running backward at the rate of thirty-five to forty miles an hour at a place where the track was on a curve and uneven. When the engine and tender were backed at a greater speed than fifteen to twenty miles an hour, it became difficult for the fireman to stand or pass through the gangway. It does not conclusively appear from the evidence that re-

spondent was guilty of contributory negligence, although in his attempt to put coal in the engine two shovelsful had been spilled, and he realized that the train was going at an increasing rate of speed. That he was violently thrown against a part of the engine, and was severely injured, there can be no question. That he appreciated the danger of attempting to fire the engine under the circumstances, or that he assumed the risk, is by no means certain. The question of the company's negligence in handling the train, and the conduct of respondent in endeavoring to perform his duties, were questions of fact for the jury.

This action came on for trial first in March, 1909, during which time four witnseses testified on behalf of respondent as experts. One of them resided in Minneapolis, and the other three in Wisconsin. The action was then dismissed, and the present one commenced.

None of these four witnesses were present at the last trial, and the court allowed their testimony, given at the first trial, to be read to the jury. Objection was made that it did not appear that the witnesses were not at that time residents of Minnesota. Further objection was made that the rule which permitted such testimony to be read had no application to expert witnesses, for the reason that other expert witnesses, residents of Minnesota, could be called to testify on the same subject. Whether the evidence was sufficient to prove that the witnesses were nonresidents was a matter directed to the discretion of the trial court, and we find no abuse of that discretion. Under the rule of evidence which enables the use of testimony of a witness given on a former trial, as defined in Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co., 51 Minn. 304, 53 N. W. 639, there can be no distinction between expert and other witnesses.

Affirmed.